UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. **08 MJ 0283** |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Jose Heriberto GARCIA-Lomeli** ) | Attempted Entry After |
| ) | Deportation |
| Defendant. ) | |
| ) | |

The undersigned complainant being duly sworn states:

On or about **January 30, 2008**, within the Southern District of California, defendant **Jose Heriberto GARCIA-Lomeli**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **31st** DAY OF **January, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## **PROBABLE CAUSE STATEMENT**

On January 30, 2008 at approximately 6:16 PM, **Jose Heriberto GARCIA-Lomeli (Defendant)** made application for admission to the United States from Mexico at the San Ysidro Port of Entry via the vehicle primary lanes. Defendant presented to a Customs and Border Protection (CBP) Officer his Resident Alien card (I-551) to which he is no longer entitled to. The CBP Officer received a computer generated referral and subsequently referred the vehicle and it's occupants to secondary for further inspection.

During secondary, Defendant's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS), which verified Defendants identity. Further queries through the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) revealed Defendant was ordered deported from the United States on May 3, 1996 and physically removed from the United States through the Calexico, California Port of Entry on that same date. Immigration service records indicate the Defendant has not applied for nor received permission to legally reenter the United States by the Attorney General or the Secretary of Homeland Security.

During a video-taped proceeding, Defendant was advised of his Miranda Right. Defendant elected to waive his right to counsel and gave the following statement: Defendant admitted being a citizen of Mexico. Defendant stated he was previously a Lawful Permanent Resident of the United States but was deported by an Immigration Judge in 1991. Defendant admitted knowing he was no longer entitled to his I-551 document because he lost his status when he was deported. Defendant admitted he has not applied for permission to reenter the United States. Defendant stated his intention was to return to his home in Carson, California.